## N. Y. SUPERIOR COURT.

GEORGE BELL, in his own behalf, &c., appellant, agt. JOSEPH A. DONOHOE and another, impleaded, &c., respondents.

*Stay of proceedings — when action is brought in another state, and another action for the same relief is brought in this, party compelled to elect which he will prosecute and stipulate to stay proceedings in the other.*

Where plaintiff brought an action against defendant D., in another state, and then brought this action against him with others for the same relief, he should be compelled to elect which he will first prosecute, and to stipulate to stay proceedings in the other.

*General Term, November,* 1881.

Bell·agt. Donohoe.

APPEAL by plaintiff from order directing a stay of proceedings in this action until the determination of an action in the United States circuit court for the district of California.

*Scott Lord*, for appellant.

*W. W. Whitehead* and *M. W. Devine*, for respondents.

SEDGWICK, *Ch. J.* — The plaintiff began an action in the United States circuit court for the district of California. The ultimate relief asked in that was the same as in this action. The plaintiff's cause of action involved a setting aside of a settlement and agreement between one of the present defendants and a corporation. In the California action that corpora- was not made a party. In the present action that corporation has been made a party defendant, and also one of the appellants who was not joined in the California action. In the California action the bill was demurred to, but no decision has been rendered. After argument of the demurrer in this case an answer has been served.

I am of opinion that it would be inequitable and vexatious to at least the appellant Donohoe to allow the present action to proceed while the plaintiff was pursuing him for the same cause in California (1 *Daniel's Ch. P.*, 635, *citing Durand* agt. *Hutchinson, La. Red.*, 248). The difference of parties does not affect the case as to him, except that it may be supposed that the action in California could not be successful without the corporation that has been made defendant here. I do not think, in view of the circumstances that called for the attempt to set aside the settlement referred to, that the plaintiff should, at all events, be stayed here, and forced to proceed with the California action. The more equitable course would be to compel him to elect which he will first prosecute to an end or until it is discontinued, and to stipulate to stay proceedings in the other (1 *Daniel's Ch. P.*, 815).

The defendants should not have had costs of motion. The order below will be modified by striking out the costs of

Matter of Husson.

motion, and by making the stay in this case continue until the plaintiff shall elect, in writing, which action he will prosecute, at the same time stipulating to stay the proceedings in the other action during the pendency of the former action. The order is not in any event to stay the entering of the proper order in the action in California when a decision as to the demurrer shall be made. Neither party to have costs of appeal.